IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND      *
ALLIED TRADES INDUSTRY PENSION
FUND, et al.,
                                *
    Plaintiffs,

v.                              *       CIVIL NO. JKB-25-0056

TEMP-TECH INDUSTRIES, INC.,     *

    Defendant.                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiffs International Painters and Allied Trades Industry Pension Fund and Daniel R. Williams brought suit against Defendant Temp-Tech Industries, Inc. (ECF No. 1.) The Court previously granted Plaintiffs' Motion for Default Judgment with respect to Defendant's liability but directed additional briefing with respect to damages and fees. (ECF No. 12.) The Court will now enter judgment in favor of Plaintiffs in the amount of $453,049.34 in damages and $3,308 in attorneys' fees and costs.

### I. Background

The factual and procedural background of this case is laid out in detail in the Court's prior Memorandum and Order. (*See* ECF No. 12 at 1–2.) The Court concluded that Defendant was liable under 29 U.S.C. § 1381, explaining that:

> As alleged in the Complaint, Defendant was required to contribute to the Fund, a multiemployer plan, and withdrew from it. Plaintiffs then sent a demand letter to the Defendant, notifying it of its withdrawal liability and the date it was due. Defendant did not make the requisite payment, and Plaintiffs sent a cure letter. Defendant did not make any payments, nor did it seek review or initiate arbitration. This is sufficient to state a claim.

1

(*Id.* at 5.) The Court directed Plaintiffs to file additional briefing with respect to damages. (*Id.* at 8–9.)

## II. Standard

After entry of default under Federal Rule of Civil Procedure 55(a), a party may move for default judgment. Entry of default does not alone entitle a plaintiff to judgment:

> "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover." The court must . . . determine whether the [conceded facts] support the relief sought in [the] action.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Further, while a plaintiff's factual allegations are deemed admitted, allegations relating to the amount of damages are not deemed admitted based on a defendant's failure to respond to a suit. *Meade Communities, LLC v. Whitaker*, Civ. No. ELH-22-2381, 2023 WL 2914787, at *2 (D. Md. Apr. 11, 2023). Instead:

> the Court must make an independent determination regarding allegations as to damages. In so doing, the court may conduct an evidentiary hearing. However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages.

*Id.* at *3.

## III. Analysis

As the Court previously explained, in an action such as this one, where judgment is awarded in favor of the plan, "the court *shall* award the plan" the following:

        (A) the unpaid contributions,
        (B) interest on the unpaid contributions,
        (C) an amount equal to the greater of—
            (i) interest on the unpaid contributions, or

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> 
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> 
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added). Thus, Plaintiffs are entitled to an award of each of the above-listed categories of damages and fees.

### A. Damages

The Court previously concluded that Plaintiffs are entitled to: (1) the outstanding withdrawal liability in the amount of $358,280 and (2) liquidated damages of $71,656. (ECF No. 12 at 6–8.) Thus, the accompanying judgment will award Plaintiffs these amounts.

The Court also previously concluded that Plaintiffs are entitled to interest beginning on April 22, 2024. (*See* ECF No. 12 at 6–7.) Plaintiffs previously suggested that the interest was $28,031.73 through April 1, 2025. (*Id.* at 7.) However, as the Court explained, Plaintiffs had not sufficiently identified the appropriate interest rate used or how they arrived at that figure. (*Id.*) Plaintiffs have provided both a supplemental figure and an explanation of how they arrived at that figure. (*See* ECF No. 14 at 2; ECF No. 14-1.) Plaintiffs now explain that the total interest, through May 20, 2025, is $21,974.51, and that interest will continue to accrue at a rate of $39.27 per day. (ECF No. 14 at 2.)[1] Plaintiffs provide a Declaration explaining how they arrived at those figures. (ECF No. 14-1.) The Court concludes that Plaintiffs are entitled to $21,974.51 plus $1,138.83 (which represents the daily interest of $39.27 multiplied by 29 days since May 20, 2025), for a total of $23,113.34. Thus, the accompanying Judgment will award Plaintiffs that amount.

---

[1] This lower figure reflects why the Court sought additional information from the Plaintiffs regarding their calculation of interest. Plaintiffs are cautioned to be more precise in the future.

### B. Attorneys' Fees and Costs

The Court also previously concluded that Plaintiffs are entitled to an award of reasonable attorneys' fees and costs. (ECF No. 12 at 8.) Plaintiffs earlier sought fees and expenses totaling $11,566.89. (*See id.*) In its prior Memorandum and Order, the Court explained that Fourth Circuit precedent provided that "ERISA attorney's fees [are] categorically unavailable for expenses incurred while exhausting administrative remedies." (*Id.* (quoting *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003). "And while 'district courts have not applied *Rego*'s limitation on fee awards in ERISA cases in a way to exclude all pre-litigation fees and costs,' certain prelitigation work may not appropriately fall within the scope of a fee award under 29 U.S.C. § 1132(g)." (*Id.* (quoting *Int'l Painters & Allied Trades Indus. Fund v. Interiors by Steve, Inc.*, Civ. No. JRR-21-229, 2023 WL 4446572, at *8–9 (D. Md. July 11, 2023).) Further, the Court explained that:

> This action was filed on January 8, 2025, and the invoices reflect work dating back to May 2023. (*See* ECF No. 11-8 at 1.) Most of the fees were incurred in 2023 and 2024, and relate to the demand and cure letters. (*See* ECF No. 11-8 at 1–16.) Only the entries from July 2, 2024 forward appear to relate to this litigation. (*See, e.g.*, ECF No. 11-8 at 17 (entry from July 2, 2024: "research and analyze controlled group members for purposes of naming them in complaint); *id.* at 18 (entry from August 13, 2024: "prepare complaint against employer for interim payment").) Plaintiffs have not addressed this issue in their briefing, and will be directed to explain why all of the requested fees are recoverable, or to revise their fee request.

(*Id.*)

In light of this direction from the Court, rather than explain why the previously sought amount was recoverable, Plaintiffs have revised their fee request and now seek $3,308. (ECF No. 14.)[2]

---

[2] Again, the Court cautions Plaintiffs to ensure that they are precise with respect to fee requests in the future.

4

"Courts in this district apply the lodestar method to determine a reasonable award of attorney's fees under § 1132(g)." *Int'l Painters*, 2023 WL 4446572, at *5 (collecting cases). "The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate. There is a strong presumption that the lodestar figure is reasonable." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022) (citation, quotations, and alterations omitted). The Fourth Circuit has explained that it

> has endorsed a three-part standard for use in calculating attorney's fees under the lodestar approach: First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 27 F.4th 291, 303 (4th Cir. 2022) (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). At the first step, to ascertain the number of reasonable hours expended multiplied by a reasonable rate, the Court applies the *Johnson* factors, which include

> (1) the time and labor expended by counsel; (2) the novelty and difficulty of the questions presented; (3) the skill required to properly perform the legal services rendered; (4) the lawyer's opportunity costs in pressing the instant litigation; (5) the customary fee for similar work; (6) the lawyer's expectations at the outset of the litigation; (7) any time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the lawyer; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the lawyer and the client; and (12) attorney's fees awards in similar cases.

*Id.* at 303 n.7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978)).

In consideration of these factors, the Court concludes that the requested attorneys' fees are reasonable. The Court has reviewed the invoices submitted by Plaintiffs and concludes that the

hours expended—12.8 hours—were reasonable for this case. The Court also concludes that the hourly rates were reasonable. Two individuals billed on this case: attorney Patrick Kukalis, with the assistance of a paralegal, Rachel Bergman. (*See* ECF No. 14-2.) Mr. Kukalis' rate was $240 per hour. (*Id.*) This rate falls within those provided in Appendix B. Ms. Bergman's rate ranged from $200 to $210 per hour. (*Id.*) While this rate is high as compared to the rates provided in Appendix B (which provide for rates of $95 to $150 for paralegals and law clerks), Ms. Bergman has "extensive (20 plus years) experience in this area and the complicated nature of these ERISA cases" and "[s]uch experience results in lower fees to the client overall even with the slightly higher rate." (*Id.* at 3–4.) Therefore, the Court will award the requested amount of attorneys' fees and costs in this case of $2,808. Finally, the Plaintiffs seek $500 in costs in connection with service of process and filing fees. These costs are reasonable and will also be awarded.

## IV.   Conclusion

For the foregoing reasons, a separate Judgment will issue in favor of Plaintiffs awarding the damages and fees described above.

DATED this 19 day of June, 2025.

BY THE COURT:

James K. Bredar
United States District Judge